IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAYSON DICKINSON, | § | |
| TDCJ #1491494, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-2346 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND ORDER**

The petitioner, Jayson Dickinson (TDCJ #1491494, former Fort Bend County #00134148), is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Dickinson has filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254, seeking relief from a state court conviction. After reviewing the pleadings and the applicable law under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, however, the Court concludes that this case must be **dismissed** for reasons set forth below.

**I.     BACKGROUND**

Dickinson reports that, on February 15, 2008, he was convicted pursuant to his guilty plea in cause number 45674 to charges of assault (count one) and unlawful possession of a firearm (counts two and three) by a previously convicted felon. As a result of his guilty plea to these charges, the 400th District Court of Fort Bend County, Texas, sentenced Dickinson

to serve five years of imprisonment. Dickinson remains confined on these charges at the Larry Gist State Jail Facility in Beaumont.

Dickinson has now filed a petition for a federal writ of habeas corpus to challenge his state court convictions in cause number 45674 under 28 U.S.C. § 2254.[1] Dickinson contends that his guilty plea is invalid because it was coerced by his attorney, who told him that he could get a lengthy prison sentence (thirty-five years' imprisonment) if he went to trial. Dickinson contends further that his attorney was ineffective because he failed to object to defects in the indictment and to an affirmative finding in the judgment that a deadly weapon was used during the commission of the assault offense, among other things. Because Dickinson concedes that he has not yet exhausted available state court remedies with respect to his claims, the pending federal petition must be dismissed for reasons that follow.

## II. <u>EXHAUSTION OF REMEDIES</u>

Under the governing federal habeas corpus statutes, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Thus, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). The exhaustion requirement "is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial opportunity

---

[1] The petition is dated July 15, 2009, and it was received for filing on July 24, 2009.

to pass upon and correct alleged violations of its prisoners' federal rights." *Moore v. Quarterman*, 454 F.3d 484, 490-91 (5th Cir. 2006) (quoting *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003) (internal citations and quotations omitted)). Exceptions exist only where there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254(b)(1)(B). A reviewing court may raise a petitioner's failure to exhaust *sua sponte*. *Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001).

To exhaust his state remedies under the applicable statutory framework, a habeas petitioner must fairly present "the substance of his claim to the state courts." *Moore*, 454 F.3d at 491 (quoting *Vasquez v. Hillery*, 474 U.S. 254, 258 (1986)). A federal habeas petitioner shall not be deemed to have exhausted the remedies available in the state courts "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(b)(1)(C). In Texas, a criminal defendant may challenge a conviction by taking the following paths: (1) the petitioner may file a direct appeal followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals; and/or (2) he may file a petition for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court, which is transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary. *See* TEX. CODE CRIM. PROC. art. 11.07 § 3(c); *see also Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir. 2004) ("Habeas petitioners must exhaust state remedies by pursuing their

claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings.").

Dickinson concedes in his pleadings that he has filed a state habeas corpus application under Article 11.07 of the Texas Code of Criminal Procedure and that this application remains pending. (Doc. # 1, at ¶ 23). Court records reflect that, on December 10, 2008, the Texas Court of Criminal Appeals considered Dickinson's request for a state writ of habeas corpus under Article 11.07 and remanded his application to the trial court for fact finding in the form of affidavits and, if necessary, a hearing. *See Ex parte Dickinson*, No. 70606-02, 2008 WL 5170167 (Tex. Crim. App. 2008). Because the state courts have not completed their review of his application under Article 11.07 of the Texas Code of Criminal Procedure, this avenue for review remains available. Likewise, although Dickinson appears dissatisfied with the delay, he does not establish that the state court's decision to require further factual development has rendered the process of review ineffective. Thus, Dickinson does not satisfy a statutory exception to the exhaustion doctrine. Comity requires this Court to defer until the Texas Court of Criminal Appeals has addressed the petitioner's claims. It follows that the pending federal habeas petition must be dismissed as premature for lack of exhaustion.

### III.  **CERTIFICATE OF APPEALABILITY**

Because the habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d

1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). Because the exhaustion prerequisite to federal habeas corpus review is well established, the Court concludes that jurists of reason would not debate whether the procedural ruling in this case was correct. Accordingly, a certificate of appealability will not issue in this case.

### IV.    CONCLUSION AND ORDER

For these reasons, the Court **ORDERS** as follows:

1. The petition is **DISMISSED WITHOUT PREJUDICE** for failure of the petitioner to exhaust all available remedies on all his claims to the state's highest court of criminal jurisdiction as required by 28 U.S.C. § 2254.

2. A certificate of appealability is **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas, on July 29th, 2009.

_____
Nancy F. Atlas
United States District Judge